**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| SHARON MCREE, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>HCA HEALTHCARE, INC.,<br><br>Defendant. | **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:24-cv-128 |

Plaintiff Sharon McRee, *individually on behalf of herself and all others similarly situated*, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed in North Carolina by Defendant HCA Healthcare, Inc. (hereinafter also referred to as "HCA," "HCA Mission," or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as interest, costs, and any other appropriate relief, under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.,* and state common law unjust enrichment and quantum

meruit, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims because the North Carolina state law claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

## PARTIES

6.     Plaintiff Sharon McRee is an individual and a resident of the State of North Carolina. Plaintiff McRee has completed an "Opt-In Consent Form" which is filed as Exhibit A to this First Amended Complaint and is incorporated by reference herein.

7.     Defendant HCA Healthcare, Inc. is a Delaware for-profit corporation with its headquarters and principal place of business at One Park Plaza, Nashville, Tennessee, 37203.[1] According to records maintained by the Delaware Department of State, Division of Corporations, Defendant HCA's Registered Agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.     Defendant HCA is the corporate parent of multiple entities, all of which are subsidiaries and affiliates of Defendant, that are operated and managed under the HCA Healthcare brand. Directly and through these wholly-owned or affiliated subsidiaries and

---

[1] *See* https://careers.hcahealthcare.com/pages/corporate (last accessed April 15, 2024).

entities, it manages and oversees the operations of the HCA Healthcare system, and through these entities it operates in concert in a common enterprise such that the actions of each may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and similarly situated employees to be subject to the unlawful wage theft and pay practices described in this First Amended Complaint.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

9.      Defendant HCA Healthcare is "one of the nation's leading providers of healthcare services" and "is comprised of 186 hospitals and approximately 2,400 sites of care in 20 states..."[2] HCA boasts it employs "more than 309,000 colleagues."[3]

10.      In 2018, HCA announced an agreement "with Mission Health, a nonprofit North Carolina health system" to "acquire substantially all the assets of Mission Health."[4] Mission Health assets acquired by HCA Healthcare include Mission Hospital in Asheville, CarePartners Rehabilitation Hospital in Asheville, Mission Hospital McDowell in Marion, Angel Medical Center in Franklin, Transylvania Regional Hospital in Brevard, Blue Ridge Regional Hospital in Spruce Pine, and Highlands-Cashiers Hospital in Highlands.[5] Mission Health retains its own branding for the above-referenced hospitals and other healthcare facilities.[6]

11.      Defendant HCA is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

_____

[2] https://hcahealthcare.com/about/ (last accessed April 15, 2024).
[3] *Id.*
[4] *See* https://investor.hcahealthcare.com/news/news-details/2018/HCA-Healthcare-Announces-Agreement-to-Acquire-Mission-Health/ (last accessed April 15, 2024).
[5] *Id.*
[6] *See, e.g.,* https://missionhealth.org/ (last accessed April 15, 2024).

12. At all times relevant, Defendant was an employer covered by North Carolina laws relative to compensation, including the NCWHA, N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.,* and unjust enrichment and quantum meruit.

13. Defendant HCA utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17. Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's and the FLSA Collective's
### Non-Exempt Employment Statuses with Defendant

18. Plaintiff McRee was employed by Defendant HCA and its predecessor Mission Health for approximately twenty years, from approximately July 2002 to July 2022, as a nonexempt, hourly respiratory therapist at HCA's Mission Hospital in Asheville, North Carolina.

19. Plaintiff McRee was primarily a med-surg and neuro-trauma intensive care unit ("ICU") therapist, but also worked occasionally as a floor respiratory therapist.

4

20.     Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective, as nonexempt employees.

21.     At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

22.      At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay for All Hours Worked

23.     Plaintiff McRee and other members of the FLSA Collective and State Law Class are expected to clock in and out at the beginning and end of their shifts at Defendant's locations.

24.     Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Similarly, Plaintiff McRee and the members of the FLSA Collective and State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

25.     Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA and North Carolina law, including the NCWHA, N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.,* and unjust enrichment and quantum meruit.

26.     Plaintiff and the members of the FLSA Collective and State Law Class reasonably expected to be paid for all hourly work completed at the hourly rates they agreed to be paid.

27.     At all times relevant, Defendant agreed to pay the members of the State Law Class set hourly wages for the hours that they worked, and Plaintiff and the members of the State Law Class performed work for Defendant with the expectation that they would be paid for all their time worked, but they were not. Defendant has benefited from Plaintiff's and the State Law Class members' work, thereby both unjustly enriching itself at the expense of Plaintiff and the other State Law Class members and rendering its retention of those benefits unjust under the

circumstances and violating North Carolina law as to payment of wages, overtime, and prompt payment.

28.     Plaintiff McRee, only by way of example, was generally permitted to clock in and start working at 6:23 a.m., and generally did clock in at approximately 6:23 a.m. or shortly thereafter, and began working, performing the principal duties of her healthcare occupation for which Defendant employed her, immediately after clocking in. However, Defendant did not pay Plaintiff until 6:30 a.m. Plaintiff (and the members of the FLSA Collective and State Law Class) was permitted to clock in and begin working up to seven (7) minutes before her shift time, in this example, 6:30 a.m.

29.     Plaintiff generally ended her shift around 7:00 p.m. or shortly thereafter, but ending times varied and sometimes Plaintiff was required to work after 7:00 p.m. Plaintiff worked until clocking out. Upon information and belief, to the extent that Plaintiff's shift extended up to seven (7) minutes after the shift ending time, Plaintiff (and the members of the FLSA Collective and State Law Class) would only be paid until 7:00 p.m., as any post-shift work time would be rounded back to the shift ending time.

30.     Plaintiff was also routinely not provided an uninterrupted, *bona fide* meal break, despite Defendant automatically deducting thirty (30) minutes from Plaintiff's paycheck each workday for a supposed meal break. However, Plaintiff and others never, or rarely, received an actual break, as they were performing their healthcare and related jobs during the supposed "breaks" that were automatically deducted. Plaintiff almost always worked through what was supposed to be her meal break. Accordingly, this is additional time that Plaintiff and members of the FLSA Collective and State Law Class are performing work required by, performed for, and to the benefit of Defendant HCA without required compensation.

31.     Despite Plaintiff and members of the FLSA Collective and State Law Class never, or infrequently, receiving a *bona fide* meal break, Defendant nevertheless automatically deducted thirty (30) minutes from Plaintiff's, the FLSA Collective's, and State Law Class's paychecks even though they were not given a *bona fide* meal period. Moreover, Plaintiff and the members of the FLSA Collective and State Law Class were not trained as to what constituted, and what did not constitute, a *bona fide* meal break, including the FLSA's requirement that "[t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating," 29 C.F.R. § 785.19.

32.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

33.     To that end, Defendant utilizes an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor. As a result, Plaintiff McRee and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff McRee and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and state law.

34.    Defendant's intentional pay deprivation and on-the-clock but time deducted deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level.

35.    The additional pre-shift worktime and thirty (30) minute break time work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and state law.

### Defendant's Record Keeping Violations

36.    The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

37.    Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38.    Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and

members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's record keeping requirements.

## The Willfulness of Defendant's Violations

39.     By denying Plaintiff and members of the FLSA Collective overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

40.     Defendant is a large and highly sophisticated employer, fully aware of the requirements of federal and state law with respect to payment of wages. Through legal counsel as well as its in-house legal resources and industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this First Amended Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

41.     Accordingly, Defendant's actions were deliberate and willful, meaning reckless, within the meaning of the FLSA.

42.     Defendant's failure to compensate Plaintiff McRee and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207. Plaintiff and members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, as well as all other statutory and other damages obtainable under the FLSA.

### FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

43.     Plaintiff incorporates by reference the forgoing allegations as if fully rewritten herein.

44.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant who worked at hospitals or health facilities formerly owned or affiliated with Mission Health during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time rounded and/or edited, and/or having their time deducted for a missed, non-taken, or uninterrupted meal break .[7]

45.     Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful

---

[7] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members upon whom she seeks to have the Court serve notice based upon further investigation and discovery.

rounding/editing and time manipulation policies, and/or missed, non-taken, or uninterrupted meal break time deduction policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46. Plaintiff McRee and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and/or *non-bona fide* meal break time deduction policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff McRee will prosecute this action vigorously on their behalf.

47. Plaintiff McRee and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff McRee and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

48. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

## CLASS ACTION ALLEGATIONS
### (As to COUNTS TWO AND THREE)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42, as if fully rewritten herein.

50.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert state law and common law claims (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant who worked at hospitals or health facilities formerly owned or affiliated with Mission Health during the State Law Class Period[8] who were not paid for all hours worked by virtue of having their time rounded and/or edited, and/or having their time deducted for a missed, non-taken, or uninterrupted meal break.

51.     There are questions of law or fact common to the State Law Class, including but not limited to:

(a)     Whether Defendant maintained common policies or practices that denied Plaintiff and State Law Class members overtime and non-overtime compensation;

(b)     Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for all of their hours worked to the benefit of Defendant;

(c)     Whether Defendant's retention of the wages earned by Plaintiff and other members of the State Law Class results in inequity;

(d)     Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation enriched Defendant;

(e)     What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all earned and owed overtime and non-overtime compensation when the wages were required to be paid, including but not limited to compensatory damages, liquidated damages (as applicable), attorneys' fees and costs, and interest for violating North Carolina state law.

---

[8] The "State Law Class Period" is the time period of two years prior to the filing of this action through the present as it relates to Plaintiff's claim under the North Carolina Wage and Hour Act, and the time period of three years prior to the filing of this action through the present as it relates to Plaintiff's claim for unjust enrichment/quantum meruit.

52.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

53.     The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA, as set forth above.

54.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

55.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
### *On Behalf of Plaintiff McRee and the FLSA Collective*

57.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48 as if fully rewritten herein.

58.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this First Amended Complaint.

60.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

61.     The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendant.

62.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

63.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

15

64.    As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65.    As a result of Defendant's policy and practice of rounding and editing time records, as well as Defendant's policy and practice of failing to pay for missed, non-taken, or uninterrupted meal breaks, in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

66.    As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

67.    Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### COUNT TWO
**(State Law Claims for Violations of the North Carolina Wage and Hour Act)**
***On Behalf of Plaintiff McRee and the State Law Class***

68.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42, and paragraphs 49 through 56, as if fully rewritten herein.

69.     Plaintiff brings this claim on behalf of herself and the members of the State Law Class as a result of Defendant's suffering to permit her and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding, and failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks, wrongful practices and/or policies as set forth above, which resulted in wage violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1, *et seq.*, as further described below.

70.     Defendant is an "employer" pursuant to the NCWHA, and Plaintiff and the State Law Class are "employee[s]" of Defendant within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2.

71.     Plaintiff and the State Law Class are not exempt from the wage payment requirements of the NCWHA.

72.     Under the NCWHA, N.C. Gen. Stat. § 95-25.6, "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday."

73.     As hereinabove alleged, the beginning and end of shift time deletion/editing/rounding, and failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks, wrongful practices and/or policies as set forth above, resulted in Defendant HCA's failure to pay its employees "all wages accruing" to its employees on "the regular payday." Consequently, Plaintiff and the State Law Class have been illegally deprived of payment of all wages in violation of the NCWHA, N.C. Gen. Stat. § 95-25.6.

74.     Defendant's failure to pay Plaintiff and the State Law Class all wages due, despite that Defendant knew or should have known about its obligations under the NCWHA, entitles

Plaintiff and the State Law Class to liquidated damages equal to the amount of unpaid wages, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22 (a1).

75.     For the reasons stated in the foregoing, Plaintiff and the State Law Class are entitled to their unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees and costs, pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95.25.22(a), (a1), and (d).

<u>**COUNT III**</u>
**(State Law Claims for Unjust Enrichment / Quantum Meruit)**
***On Behalf of Plaintiff McRee and the State Law Class***

76.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42, and paragraphs 49 through 56, as if fully rewritten herein.

77.     Plaintiff brings this claim on behalf of herself and the members of the State Law Class as a result of Defendant's suffering to permit her and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding, and failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks, wrongful practices and/or policies as set forth above.

78.     As hereinabove alleged, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the State Law Class performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the State Law Class were not paid the hourly rates they agreed to be paid for all hourly work completed but were instead paid less than agreed as a result of Defendant's time editing, rounding, on-the-clock but time deducted, and other time deduction practices and/or policies.

79.     Defendant has been unjustly enriched at the expense of Plaintiff and other members of the State Law Class. Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

80.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

81.     As a direct and proximate result of Defendant's unjust enrichment and quantum meruit described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

82.     Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendant, and in favor of Plaintiff and the FLSA Collective and State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and state law and enjoining Defendant from continuing to violate the FLSA and state law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the FLSA Collective and State Law Class pursuant to 29 U.S.C. § 216(b) and the NCWHA, as applicable, in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by law;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.      Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted, this 25th day of April 2024

/s/ Matthew E. Lee
Matthew E. Lee, N.C. Bar No. 35405
Jeremy R. Williams, N.C. Bar No. 48162
Katharine Batchelor, N.C. Bar No. 58261
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
mlee@milberg.com
jwilliams@milberg.com
kbatchelor@milberg.com

Seth R. Lesser*
Christopher M. Timmel*
Sarah Sears*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Joseph F. Scott *
Ryan A. Winters *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221

11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF AND PROPOSED FLSA
COLLECTIVE AND STATE CLASS ACTION PLAINTIFFS,*

\* *PRO HAC VICE* TO BE FILED