UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-128-MOC-WCM

| | |
|---|---|
| SHARON MCREE, *individually and on behalf of a class of similarly situated individuals,* | )<br>)<br>) |
| Plaintiffs, | )    **ORDER** |
| vs. | ) |
| HCA HEALTHCARE INC., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendant HCA Healthcare, Inc. (Doc. No. 30).

I.    BACKGROUND

Defendant HCA Healthcare, Inc. ("HCA") is a publicly traded holding company and indirect corporate parent of 186 hospitals and approximately 2,400 sites of care located throughout the United States and United Kingdom ("Affiliated Hospitals and Facilities"). HCA asserts that the Affiliated Hospitals and Facilities are separate legal entities from each other and from HCA. From their respective locations, the Affiliated Hospitals and Facilities provide direct patient care.

In this action, Plaintiff, a former respiratory therapist at Mission Hospital in Asheville, North Carolina, which is an Affiliated Hospital and Facility, has sued HCA to recover wages purportedly owed to her and other individuals employed at Mission Hospital and other Affiliated Hospitals and Facilities in the surrounding region pursuant to the Fair Labor Standards Act, 29

1

U.S.C. § 201 et seq. ("FLSA"), the North Carolina Wage and Hour Act, N.C. GEN. STAT. § 95-25.1 ("NCWHA"), and North Carolina common law (unjust enrichment/quantum meruit). In support, Plaintiff alleges that HCA improperly rounded and/or edited her and the putative plaintiffs' time records and failed to pay for meal breaks that she and others missed, did not take, or were interrupted.

On June 20, 2024, Defendant filed the pending motion to dismiss, seeking dismissal of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 30). Defendant contends that, as a matter of law, Plaintiff's Amended Complaint does not contain facts sufficient to establish the requisite employment relationship between Plaintiff and Defendant HCA. Plaintiff has filed a response, and Defendant has filed a reply. (Doc. Nos. 32, 37). This matter is ripe for disposition.

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

2

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

## III. DISCUSSION

Here, given the extremely lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss, pending further development of the record. The specific issue before the Court is whether Plaintiff and the other proposed class members in this case are employees of Defendant HCA. Plaintiff alleges that under the Fourth Circuit's economic realities test, they are Defendant's employees. See Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 83 (4th Cir. 2016). Defendant argues that they are not, and Defendant has submitted the Declaration of Edward Curvin to prove HCA is not the employer of Plaintiff and the proposed class members. See (Doc. No. 30-2). This declaration, however, cannot be considered when analyzing a Rule 12(b)(6) motion to dismiss. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("As a general rule, evidence should not be considered at the 12(b)(6) stage.").

Based only on the allegations set forth in the Amended Complaint, the Court concludes

3

that Plaintiff has sufficiently alleged facts that, accepted as true, support Defendant HCA's status as Plaintiff's employer. While discovery and subsequent motion practice may provide the Court with additional arguments on that issue, Plaintiff has satisfied her pleading burden. Thus, dismissal is not proper at this stage in the proceedings. <u>See, e.g.</u>, <u>Colon v. HCA Healthcare, Inc.</u>, No. 3:23cv74, 2024 WL 1200294, at *2 (M.D. Tenn. Mar. 20, 2024) (denying a motion to dismiss by HCA in a similar FLSA action).

## IV. CONCLUSION

Defendant's motion to dismiss is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss for Failure to State a Claim, filed by Defendant HCA, (Doc. No. 30), is **DENIED**.

Signed: August 30, 2024

Max O. Cogburn Jr
United States District Judge