IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00128-MOC-WCM

| | |
|---|---|
| SHARON MCREE, *individually and on behalf of a class of similarly situated individuals*,<br><br>　　　　　Plaintiff,<br>v.<br><br>HCA HEALTHCARE, INC.,<br><br>　　　　　Defendant. | ORDER |

This matter is before the Court on a Joint Motion to Temporarily Stay Proceedings and Request for Status Conference (the "Motion," Doc. 41).

I. Background

On April 25, 2024, Plaintiff filed this action to recover compensation purportedly owed to her and other employees of HCA Healthcare, Inc. ("Defendant") who worked at hospitals or health facilities formerly owned or affiliated with Mission Health pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA) and North Carolina law. Doc. 1.

Following the denial of a Motion to Dismiss, Defendant answered the Complaint, and the parties were instructed to conduct an initial attorneys' conference and to submit a report of that conference (the "IAC Report") on or before October 7, 2024.

1

On September 26 and 27, 2024, Hurricane Helene caused severe flooding and extensive damage in Asheville, North Carolina and other portions of the surrounding region.

On October 11, 2024, the parties filed the Motion, by which they request that this matter be temporarily stayed for a period of 60 days to allow Plaintiff, Defendant, and the putative class members to focus on recovery efforts following the storm. Additionally, the parties request that a status conference be conducted at the conclusion of the 60-day period to allow the parties to update the Court regarding "Defendant's ability to engage in the litigation of this matter…." Doc. 41 at 5. Finally, the parties request that the limitations period for the claims of putative class members be tolled during the stay.

II. Discussion

  A. Request for Stay and Status Conference

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

As no pretrial deadlines have been set by the Court in this matter, a complete stay (even a temporary one) is not warranted. However, the undersigned agrees that an extension of the parties' deadline to file an IAC

2

Report is appropriate.

As for the parties' request for a status conference, it will be denied without prejudice. The parties may renew their request, or the Court may set a conference on its own, if necessary at a later time.

### B. Tolling of the Statute of Limitations

The undersigned is not persuaded, from the current record, that the Court should enter an order tolling the limitations period within which any and all putative class members' claims may be filed.

The parties, though, remain free to enter into a tolling agreement between themselves.

Similarly, this order is not intended to prevent any putative class member, at a later stage of these proceedings, from seeking a ruling that the statute of limitations should be equitably tolled with respect to that individual's particular claims.[1]

---

[1] "[E]quitable tolling is an extraordinary remedy 'reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period ... and gross injustice would result.'" Jahagirdar v. Computer Haus, No. 1:20-cv-33-MOC-WCM, 2022 WL 469084, at *1 (W.D.N.C. Feb. 15, 2022) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To qualify for equitable tolling, a claimant must show that he or she "diligently pursued" his or her rights, but that "an extraordinary circumstance prevented [him or her] from timely filing" the claim. Id. (citing CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015)).

**IT IS THEREFORE ORDERED** that the Joint Motion to Temporarily Stay Proceedings and Request for Status Conference (Doc. 41) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The deadline for the parties to submit their IAC Report is **EXTENDED** through and including **December 6, 2024**.

(2) The parties' request for a status conference is **DENIED WITHOUT PREJUDICE**.

(3) The parties' request for an order tolling the statute of limitations for all putative class members is **DENIED**.

Signed: October 21, 2024

_____

W. Carleton Metcalf
United States Magistrate Judge