| | |
|---|---|
| SHARON MCREE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HCA HEALTHCARE, INC. )<br>CAREPARTNERS HHA, LLLP )<br>CAREPARTNERS REHAB HOSPITAL, LLC )<br>MH ANGEL MEDICAL CENTER, LLLP )<br>MH ASHEVILLE SPECIALTY HOSPITAL, )<br>LLC )<br>MH BLUE RIDGE MEDICAL CENTER, LLLP )<br>MISSION HEALTH COMMUNITY )<br>MULTISPECIALTY PROVIDERS, LLC )<br>MH ECKERD LIVING CENTER, LLLP )<br>MISSION HEALTH PARTNERS, LLC )<br>MH HIGHLANDS-CASHIERS MEDICAL )<br>CENTER, LLLP )<br>MH HOSPITAL MANAGER, LLC )<br>MH MISSION HOSPITAL MCDOWELL, LLLP )<br>MH MISSION HOSPITAL, LLLP )<br>MH MISSION IMAGING, LLLP )<br>MH TRANSYLVANIA REGIONAL HOSPITAL, )<br>LLLP, )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 76). Having considered Plaintiff's motion and reviewed the pleadings, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. **Definitions**. All terms used in this Order have the same meaning as in the Settlement Agreement between the Parties ("the Agreement") that was attached to the Named Plaintiff's Motion (Doc. No. 76).

2. **Preliminary Certification of the Class for purposes of settlement only**. For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Class, as defined in the Agreement and below, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies (for settlement purposes only) the following proposed Rule 23 Class:

> All current and former hourly, non-exempt employees employed at one or more hospitals or facilities owned and operated by an affiliate or indirect subsidiary of HCA Healthcare, Inc. in North Carolina (the "Hospitals or Facilities"), from April 25, 2021, through July 27, 2025.

3. **Class Representative**. The Court preliminarily grants approval to the Named Plaintiff Sharon McRee to serve as Class Representative.

4. **Class/Collective Counsel**. The Court preliminarily appoints as Class Counsel for the Rule 23 Class Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II of the law firm Scott & Winters Law Firm, LLC; and Seth R. Lesser and Christopher M. Timmel of the law firm of Klafter Lesser LLP; and Matthew E. Lee, Jeremy R. Williams, and Katharine Batchelor of Lee Segui.

5. **Preliminary Approval of the Agreement**. The Court has reviewed the Agreement and concludes it to be a fair, reasonable and adequate settlement of the asserted Class claims. Likewise, the method for determining the individual payments to the Class Members, as set forth

-2-

in the Agreement, is preliminarily approved as a fair, equitable, and reasonable allocation of the Gross Settlement Amount of $1,563,000 (as defined in the Agreement). The Court also finds the releases set forth in Section III.F.1 of the Agreement, preliminarily, to be fair and reasonable. Accordingly, the Agreement is preliminarily approved, subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 11, below.

6. **Settlement Administrator**. RG2 Claims Administration LLC is approved as the Settlement Administrator of the settlement as set forth in the Agreement. No later than 21 days after the Court enters an Order Granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement Administrator an electronic database containing each Class Member's Class Data, in accordance with Section E.2.a. of the Agreement.

7. **Notice to the Class**. The Notice to All Class Members of Proposed Class Action Settlement and Final Approval Hearing (the "Class Notice") attached as Exhibit A to the Agreement is approved. The Court orders that the Settlement Administrator send the Class Notice, in substantially the same form as set forth in Exhibit A to the Agreement, to the Class Members in accordance with Section E.2 of the Agreement.

8. **Exclusion from the Settlement**. Any member of the Class who does not wish to participate in the settlement may request exclusion by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must be postmarked or received by the Settlement Administrator within thirty (30) after the Settlement Administrator mails Notice in accordance with Section E.3.c of the Agreement.

9. **Objections**. Any Class Members who wish to present objections to the proposed settlement at the Final Approval Hearing must do so first in writing. To be considered, objections must be submitted to the Settlement Administrator (with copies to the Parties' Counsel) and postmarked no later than 30 days after the Settlement Administrator mails the Notice. As per Section E.3.a of the Agreement, objections must set forth the factual and legal grounds for the objection. Class Members who make a timely objection shall be entitled, but are not required, to be heard at the final approval hearing (whether individually or through separate counsel) to object to the Settlement or any aspect thereof.

10. **Motion for Final Approval**. Named Plaintiff will file her unopposed motion for entry of an order granting final approval of the Settlement at least 14 days before the date of the Final Approval Hearing.

11. **Final Approval Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Final Approval Hearing will be held on a date to be set by the Court to consider final approval of the Agreement.[1] The date and time of the Final Approval Hearing shall be set forth in the Class Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court on the docket for this Action.

---

[1] To ensure that the parties have time to administer the Agreement and comply with the notice provisions of the Class Action Fairness Act, the Final Approval Hearing shall be scheduled no less than 90 days following the date of this Order and at least 100 days from the date on which Named Plaintiff filed her motion for preliminary approval.

12. **Motion for an award of (1) Attorneys' Fees and Expenses Payment to Plaintiffs' Counsel; (2) Service Payments; and (3) Notice and Administrative Costs to the Settlement Administrator**. Concurrently with Plaintiff's unopposed motion for final approval, Class Counsel shall file their motion for attorneys' fees, costs, service awards, and notice and administrative costs to the Settlement Administrator.

13. **Effect of the Agreement**. All members of the Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval.

14. **Voiding the Agreement**. Pursuant to the Agreement, if 5% or more of the members of the Class elect to be excluded, Defendants will have the right, in their sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendants file a timely notice, then the Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

15. **Order for Settlement Purposes**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

16. **Stay**. All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, this Order, or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

17. **Continuing Jurisdiction**. The Court shall retain continuing jurisdiction over this Action and all related matters, including preliminary approval of the Agreement, final approval of the agreement, and any post-judgment issues.

**IT IS SO ORDERED**.

Signed: January 15, 2026

Max O. Cogburn Jr
United States District Judge